Curia, per

Whitner, J.
This Court will'add but little to what already appears in the brief in vindication of the judgment.
We concur in the view taken by the Circuit Judge, and would be content with simply expressing that concurrence, except that the case has been urged, on the part of the plaintiff, with much earnestness, and many cases cited as authority leading, as. it is insisted, to a different conclusion.
*415 It is fully conceded that there is an obligation on this Company to surround this area, in the vicinity of the highway, with proper enclosures, containing, as it is said, dangerous pit-falls, whereby the safety of both man and beast might otherwise be put to hazard; and that the rights conferred even by authority of the Legislature to erect such works, as in the present instance, in no way lessens the especial precaution to be observed against mischief, or responsibility for damages, in case of default, whether such default arises from neglect so to fence the yard or keep the gates shut. But this obligation must be construed reasonably, and must not be enforced in such way as to amount to a denial of the right, or unnecessarily encumber its enjoyment. Ingress and egress, for the purposes contemplated, must be permitted, and the bare possibility of harm that may happen to an errant animal should not enlarge the obligation. The facts disclosed, in any view which this Court can take of them, do not fix on this Company such want of proper precaution in these particulars. So, too, although the Company may be clearly responsible for the act of their servants, done under their authority, as well as for injuries done on their premises by those employed thereon for their benefit, yet, by no just application of these principles, are we led to a different conclusion from that attained by the presiding Judge. It did not appear that the cow had been observed in the yard, and though the gates had been opened during a portion of that day, it would seem for a legitimate purpose and only for a proper time, yet, as was the custom, the yard was searched before the gates were closed. The failure to detect an unknown wanderer does not evidence such negligence, nor does the loosing the dogs manifest such wantonness, under the circumstances, on the part of the watchman, as would subject his employers to a recovery.
The extreme cases of baiting traps, whereby dogs have been injured,* or of surrounding a stack of hay with an indifferent fence only, whereby a luckless horse has sustained damage in *416 his attempt to pilfer,* much less the cases of owners of vicious and mischievous animals, made liable for any injury committed by them, where there was knowledge of such mischievous propensities,! do not aid us in the case before the Court. The sin of temptation, apart from the question of negligence, as in the former cases, or of mere wantonness, as in the latter, are in no way imputable to this Company.
On general principles we think the decree was proper, and the appeal on the part of the defendant is therefore dismissed.
O’Neall, Evans, Frost and Withers, JJ., concurred.

Motion dismissed.

 9 East, 277.

 2 Steph. N. P. 1014. †Bul. N. P. 77; 2 Stra. 1264.